UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO: 22-1584

LAWRENCE G. BENSON,

    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC, and
LENDINGUSA, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Lawrence G. Benson ("Benson") by and through undersigned counsel, and for his complaint against the Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act "FCRA"), Fla. Stat. §559.55, *et seq.* (Florida Consumer Collection Practices Act "FCCPA"), Fla. Stat. §828.29 (Animal Enterprise Protection), breach of warranty, breach of contract, and breach of implied covenant of good faith and fair dealing.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367. Venue in this District is proper because Plaintiffs reside here and applied for credit in this District.

## PARTIES

3. Plaintiff, Benson, is a natural person and resident of Pinellas County, Florida. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and Fla. Stat. §559.55(8).

4. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

5. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Transunion, L.L.C ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

8. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

10. Defendant, LendingUSA, LLC, ("LendingUSA") is a Delaware limited liability company authorized to do business in Florida with its principal place of business at 15303 Ventura Blvd., Sherman Oaks, CA 91403.

11. LendingUSA is a "creditor" as defined under the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*.

12. LendingUSA reports credit information to Equifax, Experian, and Transunion and is a "furnisher of information" as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

## FACTUAL ALLEGATIONS

13. On or about January 31, 2021, Benson purchased, for his daughter Andrea, a female, pure bred, Pug whom Benson named "Skylar" from Petland for personal use. Benson paid $7850.43 total to purchase Skylar. Petland warranted that the dog was free from disease, defects, and other medical issues.

14. At the suggestion and with the assistance of Petland employees, Benson applied for a Petland private label credit account issued by LendingUSA.

15. Plaintiff was assured by Petland that the puppy was in good health and free from defect based on a veterinary inspection. A copy of the Official Certificate of Veterinary Inspection is attached as Exhibit "A."

16. Skylar was noticed to have difficulty walking and the dog was taken to two different animal hospitals.

17. BluePearl animal hospital examined Skylar and diagnosed the dog with Medial Patellar Luxation ("MPL"). This condition is hereditary and requires surgery at a minimum cost of $2500.00. A copy of the test results from BluePearl is attached as Exhibit "B."

18. Subsequently, Skylar was diagnosed by Sunset Veterinary Surgery with MPL. A copy of the test results from Sunset Veterinary Surgery are attached as Exhibit "C."

19. Benson contacted Petland to advise of Skylar's condition and requested that pursuant to Petland's warranty all veterinary bills be covered by Petland or that Petland accept return

of the dog and refund Benson. Petland, however, refused to accept responsibility and denied Plaintiff's claim.

20. Due to Skylar's MPL, which is a hereditary condition, the dog cannot be bred. This greatly diminishes the value of the dog.

21. Plaintiff has continued to pay LendingUSA the purchase price of the dog but should be relieved from same because the dog was defective at the time of purchase.

22. The Plaintiff filed a dispute with LendingUSA and the credit reporting agencies directly but was denied relief.

23. Pursuant to Fla. Stat. §516.31(2), "[a] holder or assignee of any negotiable instrument or installment contract, … which originated from the purchase of certain consumer goods or services is subject to all claims and defenses of the consumer debtor against the seller of those consumer goods or services."

24. LendingUSA financed the purchase of the dog, paid Petland $7750.00, and continues to send monthly statements to the Plaintiff.

25. LendingUSA is liable for the acts of Petland. Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co., 969 So.2d 962, 968 (Fla. 2007).

26. On or about January 11, 2022, Plaintiff sent disputes to LendingUSA. Equifax, Experian, and Transunion. A copy of the redacted dispute letter sent to Equifax, Experian, Transunion, and LendingUSA without attachments is attached as Exhibit "D."

27. LendingUSA received the dispute and accompanying documents from Experian, Equifax, and Transunion and then erroneously verified that the account was valid.

28. After Plaintiff requested verification and correction of the erroneous account information, Experian, and Transunion failed to evaluate or consider any of the specific information,

claims and evidence provided by Plaintiff. Additionally, they did not make any attempt to substantially or reasonably verify LendingUSA's representations.

29. As a result of the erroneous derogatory information, Plaintiff has suffered significant damages, a significant drop in their credit score, the inability to obtain credit, and the aggravation of dealing with Defendants' failure to meaningfully evaluate their dispute.

30. All conditions precedent to the bringing of this action by Plaintiff has been performed, waived, or excused.

31. Plaintiff has retained the undersigned attorney to represent them in this matter and are obligated to pay the undersigned a reasonable fee.

## COUNT I - VIOLATIONS OF FLORIDA STATUTE §828.29 AS TO LENDINGUSA, LLC

32. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

33. On or about January 9, 2021, Petland had Dr. Matthew Facarazzo conduct an examination of the dog in compliance with §828.29(2)(b). Dr. Facarazzo provided Petland with the Certificate of Veterinary Inspection indicating that the dog was healthy and could be sold. *See* Exhibit "A."

34. Upon information and belief, Petland routinely acquires pure-bred puppies which it either knows, or should have known, had various defects which render them unsuitable for breeding.

35. Upon information and belief, Skylar is one such puppy that Petland either knew, or should have known, had MPL and did not disclose this defect to the Plaintiff.

36. LendingUSA, LLC is liable for the acts of Petland. <u>Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co.</u>, 969 So.2d 962, 968 (Fla. 2007).

37. As a direct and proximate result of Petland's violations of §828.29, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against LendingUSA for damages, interest, costs, plus any and all other relief this Honorable Court deems necessary and just.

## COUNT II – BREACH OF EXPRESSED WARRANTY AS TO LENDINGUSA, LLC

38. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

39. Pursuant to its Warranty, Petland was obligated to reimburse Plaintiff in the event a veterinarian diagnosed Skylar with a defect.

40. Skylar was diagnosed with MPL by two different veterinarians.

41. Petland refused to provide any monetary reimbursement despite their obligation to do so under Florida Statute, thereby breaching the Warranty.

42. LendingUSA is liable for the acts of Petland. <u>Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co.</u>, 969 So.2d 962, 968 (Fla. 2007).

43. As a direct and proximate cause of Petland's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment from LendingUSA for damages, interest, costs, plus any and all other relief this Honorable Court deems necessary and just.

## COUNT III – BREACH OF CONTRACT AS TO LENDINGUSA, LLC

44. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

45. The Warranty provided to Plaintiff by Petland is a contractual agreement between the parties.

46. Pursuant to its Warranty, Petland was obligated to reimburse Plaintiff in the event a veterinarian diagnosed Skylar with a defect.

47. Skylar was diagnosed with MPL.

48. Petland refused to provide any monetary despite their obligation to do so thereby breaching the contract.

49. LendingUSA is liable for the acts of Petland. Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co., 969 So.2d 962, 968 (Fla. 2007).

50. As a direct and proximate cause of Petland's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment from LendingUSA, LLC for damages, interest, costs, attorneys' fees plus any and all other relief this Honorable Court deems necessary and just.

### COUNT IV – BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING AS TO LENDINGUSA, LLC

51. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

52. Petland's refusal to honor the terms of the contractual Warranty between it and the Plaintiff is a breach of the implied covenant of good faith and fair dealing.

53. LendingUSA, LLC is liable for the acts of Petland. Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co., 969 So.2d 962, 968 (Fla. 2007).

54. As a direct and proximate cause of Petland's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment from LendingUSA, LLC for damages, interest, costs, plus any and all other relief this Honorable Court deems necessary and just.

## COUNT V – BREACH OF IMPLIED WARRANTY AS TO LENDINGUSA, LLC

55. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

56. Skylar is considered a "good" as that term is defined in Fla. Stat. §672.105(1).

57. At all times material hereto, Petland has dealt regularly in the sale of puppies, and as such is a "merchant" as that term is defined in Fla. Stat. §672.104(1).

58. Petland, as a merchant with knowledge or skill peculiar to its practices as a seller of puppies and having superior knowledge than Plaintiffs as a result of its business selling puppies to consumers, implicitly warranted that Skylar was healthy, fit, and suitable for consumer purchase and ownership.

59. Plaintiff bought Skylar, who was not healthy, fit or suitable for consumer purchase because she had MPL at the time of sale.

60. By selling , who was not healthy or suitable for consumer ownership, Petland breached the implied warranty of merchantability.

61. LendingUSA is liable for the acts of Petland. Law Office of David J. Stern, P.A. v. Security Nat'l. Servicing Co., 969 So.2d 962, 968 (Fla. 2007).

62. As a direct and proximate result of Petland's breach of the implied warranty of merchantability, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against LendingUSA, LLC for damages, interest, cost, plus any and all other relief this Honorable Court deems necessary and just.

## COUNT VI AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)

63. Plaintiff realleges and incorporate paragraphs 1 through 6 and 13 through 31 above as if fully set out herein.

64. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

65. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically being denied for a loan, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

66. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

67. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## COUNT VII AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

68. Plaintiff realleges and incorporate paragraphs 1 through 6 and 13 through 31 above as if fully set out herein.

69. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LendingUSA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

70. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically being denied for a loan, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

71. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

      a) Actual damages in an amount to be proved at trial;

      b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT VI AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

73. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 13 through 31 above as if fully set out herein.

74. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

75. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically being denied for a loan, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

76. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

77. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT VII AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

78. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 13 through 31 above as if fully set out herein.

79. Transunion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LendingUSA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

80. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; specifically, being denied for a loan, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

81. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT VI AS TO LENDING USA'S VIOLATION OF 15 U.S.C. §1681s-2(b)

83. Plaintiff realleges and incorporate paragraphs 1 through 3 and 10 through 31 above as if fully set out herein.

84. LendingUSA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify the LendingUSA representation within Plaintiff's credit files with Equifax, Experian, and Transunion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the LendingUSA representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LendingUSA representations to the consumer reporting agencies.

85. As a result of this conduct, action and inaction of LendingUSA, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, specifically having to extend a lease on an unwanted vehicle and being unable to obtain a new lease for a new

vehicle, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

86. LendingUSA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from LendingUSA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against LendingUSA for the following:

   a) Actual damages in an amount to be proved at trial;

   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

   e) Such other and further relief as this Court deems just and proper.

**COUNT VIII AS TO LENDINGUSA'S VIOLATION OF FLA. STAT. §559.72(9)**

88. Plaintiff realleges and incorporate paragraphs 1 through 3, 13, 14, and 16 through 36 above as if fully set out herein.

89. LendingUSA attempted to collect a debt that it knew was not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against LendingUSA for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demands trial by jury.

        Debt Shield Law
       3440 Hollywood Blvd., Suite 415
         Hollywood, FL 33021
         Tel: 844-279-1112
         service@debtshieldlaw.com
       joel@debtshieldlaw.com
       dayami@debtshieldlaw.com

       */s/ Joel D. Lucoff*
         Joel D. Lucoff
       Fla. Bar No. 192163